**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICHARD S. DUFFY et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:05-cv-00024-RCJ-VPC |
| vs. | ) | |
| | ) | |
| BRIAN D. ANDERSON et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case arises out of an alleged Ponzi scheme. Plaintiffs have moved for offensive summary judgment against Defendant Paul G. Millar for alleged failures to defend and to participate in discovery. Millar has moved to dismiss. At a March 28, 2011 hearing, the Court gave Plaintiffs fifteen days to supplement their motion with evidence showing they are entitled to offensive summary judgment. Plaintiffs have failed to do so. The Court therefore denies the motion for summary judgment. Because Plaintiffs' allegations are sufficient, however, the Court also denies the motion to dismiss.

**I.   FACTS AND PROCEDURAL HISTORY**

Between January 2001 and December 2003, Defendant Brian D. Anderson and twenty-two other individual and entity Defendants working as his agents contacted nine Plaintiffs to convince them to invest in various Christian organizations and projects throughout the world. (Compl. 11–12, Jan. 13, 2006, ECF No. 2). These investments were in fact a Ponzi scheme

1  designed to defraud Plaintiffs. (*Id.* 12).

2  Plaintiffs sued Defendants in this Court in 2005 on fifteen causes of action. Most
3  Defendants have been dismissed as parties, either voluntarily or for Plaintiffs' failure to serve
4  them with process. Only Defendants Bonnie Dick and Paul Millar remain. Dick and others have
5  allegedly pled guilty in a parallel criminal case. (*See* Mot. Summ. J. 3, Sept. 17, 2010, ECF No.
6  99).

**II.   SUMMARY JUDGMENT STANDARDS**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden,

1 summary judgment must be denied and the court need not consider the nonmoving party's
2 evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

3       If the moving party meets its initial burden, the burden then shifts to the opposing party
4 to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*
5 *Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing
6 party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
7 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
8 versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
9 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
10 by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*
11 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
12 and allegations of the pleadings and set forth specific facts by producing competent evidence that
13 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.  A
14 plaintiff moving for offensive summary judgment must produce evidence sufficient to establish
15 each element of a claim:

> A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues.  To obtain a judgment in favor of a claimant pursuant to his complaint, counter-claim, or cross-claim, the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial.  A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof.

*United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970) (citations omitted).

      At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. ANALYSIS

Plaintiffs attach no evidence to the motion, and the Complaint is not verified. Without a single piece of evidence adduced to establish their claims, Plaintiffs are not entitled to offensive summary judgment. *See Dibble*, 429 F.2d at 601. The motion might be more properly characterized as a motion for entry of default and a default judgment under Rule 55. But an entry of default under Rule 55 is not appropriate, because Millar answered the Complaint and continues to defend. (*See* Answer, Aug. 30, 2005, ECF No. 21). Insofar as the motion is intended as one for discovery sanctions under Rule 37, it should be argued as such and directed to the magistrate judge.

Finally, Millar himself has moved to dismiss. He identifies no legal grounds for dismissal but simply states in his pro se motion that he did not commit the acts alleged. The Complaint is sufficient, and insofar as Millar means to move for summary judgment, he has not adduced any evidence.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 99) and the Motion to Dismiss (ECF No. 114) are DENIED without prejudice.

IT IS SO ORDERED.

Dated this 1st day of June, 2011.

_____
ROBERT C. JONES
United States District Judge